IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:24-cv-04708

GARRETT BYRUM,

    Plaintiff,

v.

VITAL PROTEINS LLC,

    Defendant.

## COMPLAINT

Plaintiff Garrett Byrum ("Plaintiff") sues defendant Vital Proteins LLC ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

2. Defendant is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business located at 3400 Wolf Rd Franklin Park, IL 60131. Defendant's agent for service of process is CT Corporation System, 208 South LaSalle St. Suite 814, Chicago, IL 60604.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a professional, internationally recognized photographer whose work has been featured in influential news publications and popular culture magazines such as Fox Sports and Vanity Fair.

7. Plaintiff has collaborated and worked with world-class brands such as Nike, Fila, Samsung, Lexus, Gymshark, DSW, and Canon.

8. Plaintiff maintains a commercial website (https://www.garrettbyrum.com/) which demonstrates the use of industrial and scientific techniques in sports, fitness, and lifestyle photography that encapsulates the organic and raw moments of beauty and movement.

### II. The Work at Issue in this Lawsuit

#### A. The First Photograph

9. In 2018, Plaintiff created a professional photograph of a woman doing jump rope (titled "180611_VP_Fitness_Midtown_6727") (the "First Photograph"). A copy of the First Photograph is displayed below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



**B. The Second Photograph**

10. In 2018, Plaintiff created a professional photograph of a man and woman standing at a cliffside (titled "Byrum-181128-VP-Beach_Run-2565") (the "Second Photograph"). A copy of the Second Photograph is displayed below:



**C. The Third Photograph**

11. In 2018, Plaintiff created a professional photograph of a woman drinking a

smoothie (titled "180611_VP_Fitness_Racine_5308") (the "Third Photograph"). A copy of the Third Photograph is displayed below:



### D. The Fourth Photograph

12. In 2018, Plaintiff created a professional photograph of a woman pulling out a powder packet from her jacket pocket (titled "180611_VP_Fitness_Ohio_2765") (the "Fourth Photograph"). A copy of the Fourth Photograph is displayed below:



### E. The Fifth Photograph

13. In 2018, Plaintiff created a professional photograph of a woman running up a flight of stairs (titled "180611_VP_Fitness_Apple_1501") (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:



**F. The Sixth Photograph**

14. In 2018, Plaintiff created a professional photograph of a woman seated on the floor with a smoothie (titled "180611_VP_Fitness_ADA_3840") (the "Sixth Photograph"). A copy of the Sixth Photograph is displayed below:



**G. The Seventh Photograph**

15. In 2018, Plaintiff created a professional photograph of a woman running at the beach (titled "180611_VP_Fitness_Beach_0338") (the "<u>Seventh Photograph</u>"). A copy of the Seventh Photograph is displayed below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

**H. The Eighth Photograph**

16. In 2018, Plaintiff created a professional photograph of a man sitting on a gray bench (titled "180611_VP_Fitness_Beach_0257") (the "Eighth Photograph"). A copy of the Eighth Photograph is displayed below:



**I. The Ninth Photograph**

17. In 2018, Plaintiff created a professional photograph of a woman pouring a powder packet into a smoothie (titled "180611_VP_Fitness_Apple_1482") (the "Ninth Photograph"). A copy of the Ninth Photograph is displayed below:



**J. The Tenth Photograph**

18. In 2018, Plaintiff created a professional photograph of a woman holding a smoothie and a powder packet (titled "180611_VP_Fitness_Ohio_3614") (the "Tenth Photograph"). A copy of the Tenth Photograph is displayed below:



19. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph,

and Tenth Photograph are collectively referred to herein as the "Work."

20. The Work was registered by Plaintiff with the Register of Copyrights on September 19, 2023 and was assigned Registration No. VA 2-365-731. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

21. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

22. Defendant is a company that sells health and fitness supplements, such as collagen, protein, and multivitamins.

23. Defendant advertises/markets its business through its website (https://www.vitalproteins.com/), social media (e.g., https://www.facebook.com/VitalProteins; https://www.instagram.com/vitalproteins/; https://twitter.com/vitalproteins), and other forms of advertising.

24. Defendant executed one or more license agreements with Plaintiff with respect to the creation and use of the Work.

25. Each of the foregoing license agreements provided Defendant with a specified period of time for which Defendant could utilize/display the photographs subject thereto for web/social media use only.

26. Following the expiration of the foregoing license agreements, Defendant continued using the Work in relation to the advertising/marketing of its business.

27. Defendant, following the expiration of its license(s), displayed and/or published the Work on its website, webpage, and/or social media (at https://www.amazon.com/Vital-Proteins-Collagen-Peptides-Supplement/dp/B07G3Q6CT2?ref_=ast_sto_dp&th=1&psc=1):



(at https://www.amazon.com/Vital-Proteins-Electrolyte-Supplement-Electrolytes/dp/B09CZFT75C):



(at

https://www.amazon.com/dp/B09BBJVHFM/ref=twister_B0CBJXZJ9R?_encoding=UTF8&psc=1 and https://www.amazon.com/Vital-Performance-Collagen-Peptides-Chocolate/dp/B08SR8XFHV?ref_=ast_sto_dp):



(at https://www.amazon.com/Vital-Proteins-Collagen-Wild-Caught-Verified/dp/B073655SPZ?ref_=ast_sto_dp&th=1&psc=1):



(at https://www.amazon.com/Vital-Proteins-Beauty-Collagen-Lavender/dp/B07B68XQS6?ref_=ast_sto_dp&th=1&psc=1):



(at https://www.amazon.com/Vital-Proteins-Coconut-Collagen-Creamer/dp/B07G3PXTKT?ref_=ast_sto_dp&th=1&psc=1):



(at https://www.amazon.com/Vital-Performance-Collagen-Peptides-Chocolate/dp/B08SR8XFHV?ref_=ast_sto_dp):



(at https://www.amazon.com/Beauty-Collagen-Strawberry-Lemon-

13

Carton/dp/B09BBJ9XRQ?ref_=ast_sto_dp&th=1&psc=1):





28. A true and correct copy of screenshots of Defendant's website, webpage, and/or

social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

29. Defendant utilized the Work for commercial use.

30. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in September 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

31. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

32. Plaintiff re-alleges and incorporates paragraphs 1 through 31 as set forth above.

33. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

34. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

35. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

36. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

37. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

38. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

39. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

40. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs as a result of Defendant's conduct.

41. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff his costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works

derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

Dated: June 6, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel Desouza
     Daniel DeSouza, Esq.